UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| GLENN A. CRISWELL and JODI D. CRISWELL, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 5:04-275-JMH ) ) |
| v. | ) ) |
| CAL ARK INTERNATIONAL, INC. and CRST-MALONE, INC., | ) **MEMORANDUM OPINION AND ORDER** ) ) |
| Defendants. | ) ) ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant CRST-Malone, Inc.'s ("CRST-Malone") motion for summary judgment [Record No. 24] and Defendant Cal Ark International Inc.'s ("Cal Ark") motion for summary judgment [Record No. 25].  Plaintiffs responded via memorandums in opposition [Record Nos. 26 & 28], to which Defendants replied [Record Nos. 27 & 29].  Fully briefed, this matter is ripe for review.[1]

---

[1] The Court finds that oral argument is unnecessary, as it would not supplement the Court's understanding of the case.
   On December 28, 2005, Plaintiff Glenn A. Criswell moved the Court to construe his response to CRST-Malone's motion for summary judgment as a motion for summary judgment on the issue of liability [Record No. 38].  In his motion, Criswell advised the Court that his response was filed with the Court on August 23, 2005.  The scheduling order required the parties to file dispositive motions on or before September 15, 2005.  Because the Court finds that there are no genuine issues of material fact that preclude summary judgment in favor of Defendants, the Court will not address the merits, or the propriety, of Plaintiff's motion.

1

**FACTUAL BACKGROUND**

On July 22, 2003, Plaintiff Glenn A. Criswell was driving his 2002 Cadillac Escalade south on Interstate 75 in Madison County, Kentucky. While Criswell was traveling in the far right lane of three lanes of traffic at a speed of 70-75 miles per hour, a tractor trailer truck came over into his lane. In response, Criswell pulled over onto the shoulder of the interstate to avoid being overtaken by the truck. Criswell did not apply his brakes while traveling on the shoulder. Thereafter, Criswell crashed into Defendant Cal Ark's tractor trailer truck, which Criswell asserts was parked on the shoulder of the interstate. Following that impact, Criswell's automobile flipped and came into contact with Defendant CRST-Malone's tractor trailer, which, according to Criswell, was also parked on the shoulder of the interstate. Both Defendants' drivers were asleep in their trucks when the accident took place around 4:00 a.m. Criswell brought suit against Defendants, alleging that Defendants' negligence in illegally parking their tractor trailer trucks on the shoulder of the interstate was the proximate cause of the injuries he sustained.

**STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

2

as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Pursuant to Federal Rule of Civil Procedure 56(e), the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). "If under the governing law, the outcome would be the same regardless of how a factual dispute is resolved, the dispute is no bar to summary judgment." *Pharakhone v. Nissan N. Am., Inc.*, 324 F.3d 405, 407 (6th Cir. 2003).

When determining whether there is enough evidence to overcome summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, in this case, the plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The Court must not weigh the evidence, but must decide

3

whether there are genuine issues for trial.  *Anderson*, 477 U.S. at 249.

## DISCUSSION

Defendants have moved for summary judgment, arguing that Plaintiffs cannot show that Defendants' actions were the proximate cause of his injuries.  Defendant CRST-Malone's driver, William Box, and Defendant Cal Ark's driver, Charles Sowell, have testified that they parked their trucks on the shoulder of the ramp leading to the rest area, not on the shoulder of the interstate, and that the trucks were parked to the right of the fog line which separates the shoulder from the roadway of the ramp.  Defendants present the testimony of Deputy Sheriff Mike Marcum, who as an employee of the Madison County Sheriff's Department investigated the accident shortly after it occurred.  He testified that both Defendants' trucks were parked to the right of the fog line on the shoulder of the ramp leading to the rest area.  Deputy Marcum testified that several trucks were parked in this manner and that Defendant Cal Ark's truck, which was behind the other trucks on the shoulder of the ramp, was not parked on or blocking the shoulder of the interstate.  Defendant Cal Ark's driver testified that there was overhead lighting on the entrance to the rest area and that he was parked under a light.  He also testified that all lights on his truck were on, except his headlights, and that he had reflective tape on the back of his truck.

4

Criswell disputes Defendants' testimony as to the location of the parked trucks. He contends that Defendants' trucks were parked on the shoulder of the interstate in violation of KRS § 189.450(3), which provides:

> No vehicle shall be parked, stopped, or allowed to stand on the shoulders of any toll road, interstate highway, or other fully controlled access highway, including ramps thereto, nor shall any vehicle registered at a gross weight of over forty-four thousand (44,000) pounds be parked, stopped or allowed to stand on the shoulders of any state-maintained highway except that in the case of emergency . . . .

KRS § 189.450(3). As a result, Criswell concludes, Defendants' actions constitute negligence *per se*. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000) ("[Negligence *per se*] applies only if the alleged offender has violated a statute and the plaintiff was in the class of persons which that statute was intended to protect."). Criswell argues that by violating this statute, Defendants breached their duty to Criswell, who, as a driver, is in the class of persons that the statute is intended to protect.

**Plaintiffs' Claim of Negligence *Per Se***

Under Kentucky law, a plaintiff bringing a negligence action must prove the following: (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) consequent injury. *Pathways*, 113 S.W.3d at 88. To prove the third element, a plaintiff must show actual injury or harm and "legal causation between the defendant's breach and the plaintiff's

5

injury." *Id.* at 89. The court in *Helton v. Montgomery*, 595 S.W.2d 257 (Ky. Ct. App. 1980) counseled, "Negligence must be proven; it will never be presumed." *Id.* at 258.

When a plaintiff asserts a negligence *per se* claim, the plaintiff is alleging that by violating the statute, the defendant breached a duty imposed by the statute. *See Lewis v. B & R Corp.*, 56 S.W.3d 432, 437-38 (Ky. Ct. App. 2001). The plaintiff's claim is insufficient at that stage. To prevail, the plaintiff must prove that the statutory violation was a substantial factor in causing his or her injuries. *See id.* at 438. ("While it is unquestioned that violations of statutes constitute negligence *per se*, that statement is coextensive with the requirement that the violation 'must be a substantial factor in causing the result.'" (quoting *Britton v. Wooten*, 817 S.W.2d 443, 447 (Ky. 1991)).

Criswell maintains that the trucks were parked on the shoulder of the interstate in violation of the statute. A review of the evidence presented by Defendants, however, contradicts this assertion. The testimony of Deputy Marcum — who arrived at the scene shortly after the collision, investigated the accident, and prepared an accident report — is consistent with the testimony of Defendants' drivers, who stated that both trucks were parked on the shoulder of the entrance ramp to the rest area. Moreover, Defendants have presented photographs of the scene, which show the Defendants' trucks parked on the shoulder of the entrance ramp to

the rest area.

Other than his own statement, Criswell has not presented any other evidence that the tractor trailer trucks were parked on the shoulder of the interstate. Criswell may not rely on his complaint alone, but must come forward with probative evidence of his claim and set forth specific facts showing the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256-57 ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."). By failing to support his assertion, Criswell has not shown that a reasonable jury could conclude that the trucks were blocking the shoulder of the interstate. With their evidence, Defendants have met their burden in showing that there is no genuine dispute over where the trucks were located when the collision occurred.

Criswell argues that his vehicle was traveling on the shoulder of the interstate until he collided with Defendant Cal Ark's tractor trailer truck and that if the shoulder of the interstate had been clear, he could have continued on the shoulder until it was safe to re-enter the travel lanes of the interstate. But Defendants' trucks were not blocking the shoulder of the interstate as evidenced by Defendants' photographs and the testimony of Deputy Marcum and Defendants' drivers — photographs and testimony that Criswell has offered no probative evidence to refute. Thus,

7

Criswell's theory of the accident is inconsistent with the facts. Criswell argues that Defendants breached a duty to him by parking on the shoulder of the interstate in violation of KRS § 189.450(3), but he has failed to offer evidence to support these allegations.

Summary judgment is appropriate when an essential element of negligence is missing. As Criswell has not established that Defendants breached a duty to him, an essential element of his negligence claim, the Court finds that summary judgment shall be granted in favor of Defendants.[2]

### CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendants' motions for summary judgment [Record Nos. 24 & 25] be, and the same hereby are, **GRANTED.**

This the 23rd day of January, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge

---

[2] As to Plaintiff Jodi Criswell's claim of loss of consortium, it must necessarily fail as well because it is derivative of the negligence claim.